■ VOYKA KUTANOVSKI, Respondent, v MILAN KUTANOVSKI, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated December 2, 1982, the defendant husband appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Radin, J.H.O.), dated April 4, 1989, which, *inter alia,* awarded the plaintiff wife the principal sum of $16,104.42, for arrears of maintenance, and denied the defendant husband's cross mo-

tion to punish the plaintiff for contempt for failing to effectuate the sale of the marital residence.

Ordered that the order and judgment is affirmed, with costs.

The record does not support the defendant's assertion that the trial court improvidently exercised its discretion in refusing to hold the plaintiff in contempt, as neither party exercised reasonable efforts to effectuate the sale of the marital residence in accordance with repeated orders of the court (see, *Garrison Fuel Oil v Grippo,* 127 Misc 2d 275). In addition, the defendant has failed to demonstrate the requisite prejudice to his rights to support a finding of civil contempt (see, Judiciary Law § 753 [A] [3]; *City of Poughkeepsie v Hetey,* 121 AD2d 496).

Because the defendant never moved for a downward modification of the plaintiff's maintenance award, and simply allowed the arrears to accrue, the trial court properly entered judgment for the arrears. The defendant failed to demonstrate good cause for his failure to apply for downward modification prior to the accrual of the arrears (Domestic Relations Law § 236 [B] [9] [b]; *Maloney v Maloney,* 137 AD2d 666; *Penziner v Penziner,* 123 AD2d 674).

Concerning the defendant's challenge to a portion of an order of the same court dated December 23, 1988, directing that a hearing be held on the issue of the plaintiff's counsel fees, we note that no appeal from that order is before us. The order and judgment appealed from does not address the question of counsel fees; therefore that issue is not brought up for review on the appeal from the order and judgment. In any case, no appeal as of right lies from an order directing a hearing (see, *Bagdy v Progresso Foods Corp.,* 86 AD2d 589). Bracken, J. P., Harwood, Rosenblatt and Miller, JJ., concur.