■ FLOYD LYON, Appellant, v CHRISTINA LYON, Respondent. —In a matrimonial action, in which the parties were divorced by judgment dated October 26, 1987, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated July 6, 1989, as, upon granting the plaintiff's motion to reargue his prior motion to hold the defendant in contempt of court, adhered to its original determination.

Ordered that the order is affirmed insofar as appealed from, with costs.

By notice of motion, the plaintiff sought to hold the defendant in contempt for her purported refusal to permit him to remove various items of personal property from the former marital residence. The plaintiff claimed that a stipulation of settlement as well as the parties' judgment of divorce entitled

him to those items. The Supreme Court denied his motion and, upon subsequently granting reargument, adhered to its original determination.

Both upon his original motion and upon reargument, the plaintiff failed to establish his entitlement, under any prior mandate of the court, to the items of personal property that he sought. Moreover, the plaintiff never explained why he did not remove the disputed items when, as it appears from the record, he was previously given access to the former marital residence by the defendant. Under such circumstances, the Supreme Court properly denied the plaintiff's motion to hold the defendant in contempt of court, and, upon reargument, properly adhered to its original determination (see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, 70 NY2d 233; Kutanovski v Kutanovski, 162 AD2d 662; City of Poughkeepsie v Hetey, 121 AD2d 496). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.