■ In the Matter of FAY FISHEL, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the respondent New York State Division of Housing and Community Renewal to render a determination on the petitioner's outstanding application for a rent increase, the appeal is from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), entered October 16, 1989, which denied the appellant's motion to vacate an order of the same court, dated June 19, 1989, holding it in contempt, except to the extent of referring the issue of the amount of an appropriate fine for contempt to a Referee to hear and report, and directed that the Referee's fee be paid by the appellant.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order as referred the issue of the amount of the appropriate fine to a Referee to hear and report, that application is referred to Justice Miller, and leave to appeal is granted by Justice Miller; and it is further,

Ordered that the order is modified, by deleting the provision thereof which referred the matter to a Referee to hear and report on the amount of the appropriate fine to be imposed, and directed that the Referee's fee be paid by the appellant, and by substituting therefor a provision referring the matter to a Judicial Hearing Officer to hear and report on the

amount of an appropriate fine; as so modified, the order is affirmed, with costs to the petitioner.

Contrary to the contentions of the appellant, we cannot agree that the Supreme Court improvidently exercised its discretion by holding it in contempt for its willful failure to obey a direct court order, or to explain its failure to do so. The record reveals that the petitioner landlord submitted an application for a rent increase on March 10, 1987, based upon major capital improvements allegedly made in her apartment building (see, Administrative Code of the City of New York § 26-501 et seq.). The appellant failed to rule on the petitioner's application, and on or about December 5, 1988, the petitioner commenced the instant proceeding to compel it to reach a decision. By judgment dated January 30, 1989, the petition was granted and the court directed the appellant to render a determination on the petitioner's application "no later than March 11, 1989, time being of the essence", failing which the court held that the petitioner could ask the court to hold the appellant in contempt. The appellant did not render its determination by the deadline set by the court (which date was, coincidentally, one day after the second anniversary of the submission of the petitioner's rent increase application). On March 24, 1989, the petitioner served the appellant with a demand that it comply with the court's order under penalty of contempt, but still the agency failed to render its determination.

On April 12, 1989, the petitioner moved, returnable May 10, 1989, to hold the agency in contempt. On May 9, 1989, however, one day prior to the return date, the appellant finally rendered a determination on the petitioner's application. On the return date, the agency requested an adjournment to prepare for a hearing on the petitioner's demand for an award of legal fees. The court denied the request for an adjournment, and, in the order dated June 19, 1989, found that the appellant was in contempt for failing to act on the petitioner's application prior to the deadline imposed by the court. The court found that the petitioner had sustained damages of $3,720.08, and held that the appellant could purge itself of the contempt finding by paying $1,467.50 to the attorney for the petitioner, representing the petitioner's legal fees.

In the order appealed from, the court granted the appellant's motion to vacate the order dated June 19, 1989, to the extent of referring the amount of fine to be paid by the appellant to a Referee. The court thus left intact that portion

of the order dated June 19, 1989, holding the appellant in contempt. We are in agreement with this determination.

We do not pass upon the question of whether it is reasonable to take 26 months to reach a determination on an application such as the petitioner's, for here the appellant was ordered to render a ruling by March 11, 1989, time being of the essence. The appellant did not attempt to explain its failure to comply with that directive. The appellant did not respond to the petitioner's contempt application, and thus failed to show cause why a finding of contempt was unwarranted. Instead, one day prior to the return date on the petitioner's contempt motion, the appellant issued its administrative determination. However, contrary to the appellant's contentions, this did not render the contempt proceeding moot since the omissions for which it was being held in contempt had already occurred, and were not ameliorated or cured by its last-minute fulfillment of its legal responsibilities.

"To obtain a contempt order, the moving party has the burden of proof, to show 'by a reasonable certainty', that an individual is in contempt. * * * [A]pplications to punish for civil contempt are, except in the most clear cut and obvious cases, addressed to the sound discretion of the court" *(Garrison Fuel Oil v Grippo,* 127 Misc 2d 275, 278, quoting from *Panza v Melson,* 54 AD2d 928). "At the conclusion of the contempt hearing, the court must determine whether contempt has been proven. In a case of civil contempt, the moving party must prove by a reasonable certainty that the party charged has violated the court's clear and unequivocal order after being properly served with a copy of it, and that the violation was calculated to, or actually did, 'defeat, impair, impede, or prejudice' the rights or remedies of a party to an action" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5104.12, at 51-55—51-56, quoting from Judiciary Law § 770).

"A civil contempt is one where the rights of an individual have been harmed by the contemnor's failure to obey a court order * * *. Any penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both * * *.

"In keeping with a civil contempt's distinct purpose, it must be established that the rights of a party to the litigation have been prejudiced * * *.

"To sustain a finding of * * * civil * * * contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an

unequivocal mandate was in effect * * *. It must also appear with reasonable certainty that the order has been disobeyed * * *. Of course, the party charged must have had knowledge of the court's order" *(Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 239-240).

In the case of civil contempt, "[i]t must be alleged and proven that the contemnor's actions were calculated to or actually did defeat, impair, impede or prejudice the rights or remedies of a party" *(City of Poughkeepsie v Hetey,* 121 AD2d 496, 497; *see, Kutanovski v Kutanovski,* 162 AD2d 662).

Applying these principles to the facts of the instant case, it is clear that if the appellant genuinely needed more time to process the petitioner's application in good faith, it should have so notified the court. Instead, it ignored a valid judicial mandate of which it was undeniably aware, and in so doing, caused the petitioner to incur additional expenses to her detriment. Such prejudicial disobedience fully justified the court's finding of contempt *(see, Great Neck Pennysaver v Central Nassau Publs.,* 65 AD2d 616). Moreover, the contempt citation was correctly intended to compensate the petitioner for the losses she sustained as a result of the appellant's recalcitrance. *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra).*

However, under the circumstances of this case, we deem it inappropriate to hold the appellant liable for a fee for a Referee to determine the amount of the appropriate fine. Therefore, we refer the matter of an appropriate fine to a Judicial Hearing Officer to hear and report, and we have modified the order appealed from to that extent. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.