■ ALAN FERRARO, Appellant-Respondent, v THERESA FERRARO, Respondent-Appellant. [708 NYS2d 438] —*Sua sponte* motion on appeals from (1) a judgment of the Supreme Court, Westchester County, dated May 31, 1996, (2) an order of the same court, entered September 19, 1997, (3) a decision of the same court, dated April 28, 1998, and (4) an order of the same court, dated May 12, 1998, to hold Bruce Young, the former attorney for Theresa Ferraro, in criminal contempt for his failure to obey lawful mandates of decisions and orders of this Court dated November 27, 1998, and March 24, 1999, respectively, directing that he pay costs to the attorney representing Alan Ferraro on those appeals. Separate motion by Gerald B. Lefcourt, P. C., attorney for Alan Ferraro, as amended by letter dated April 22, 1999, inter alia, for an award of costs in connection with (1) his prior motion to punish Bruce Young for contempt of court, and (2) the present motion. By decision and order of this Court dated October 7, 1999, the branch of the motion which was for an award of costs was held in abeyance

and was referred to the Justices who would determine the *sua sponte* motion to hold Bruce Young in contempt of court.

Upon the papers filed in relation to the motions and after a hearing thereon, it is

Adjudged that Bruce Young is guilty of criminal contempt of court by reason of having willfully failed to comply with the lawful mandate of the decision and order of this Court dated November 27, 1998; and it is further,

Adjudged that Bruce Young is guilty of criminal contempt of court by reason of having willfully failed to comply with the lawful mandate of the decision and order of this Court dated March 24, 1999; and it is further,

Ordered that upon his adjudications of criminal contempt of court, Bruce Young is fined the sum of $1,000 for each offense; and it is further,

Ordered that within 30 days after service upon him of a copy of this Court's decision, order, and judgment on motion, with notice of entry, Bruce Young shall deposit in the office of the Clerk of this Court a check in the sum of $2,000 made payable to the office of the State Comptroller; and it is further,

Ordered that in the event Bruce Young shall neglect or fail to timely pay the fines as directed above, he is sentenced to a term of five days imprisonment on each offense, which terms of incarceration shall run consecutively, and a warrant of commitment shall issue accordingly; and it is further,

Ordered that the branch of the motion of Gerald B. Lefcourt, P. C., which is for an award of costs is granted; and it is further,

Ordered that within 30 days after service upon him of a copy of this decision, order, and judgment on motion, with notice of entry, Bruce Young shall pay to Gerald B. Lefcourt, P. C., the attorney for Alan Ferraro, the sum of $1,500, representing costs incurred in making a motion to hold him in contempt and in responding to this Court's order to show cause, and he shall file proof of payment of the same in the office of the Clerk of this Court; and it is further,

Ordered that the Clerk of this Court is directed to serve copies of this decision, order, and judgment on motion, with notice of entry, on counsel for the respective parties by regular mail.

By decision and order on motion of this Court dated November 27, 1998, Bruce Young was directed to pay Gerald B. Lefcourt, P. C. (hereinafter Lefcourt) the sum of $5,000, representing costs incurred in responding to Young's frivolous motion to stay a custody award. By order of this Court dated March 24,

1999, Young was directed to pay Lefcourt the sum of $1,536, representing costs incurred in responding to Young's frivolous motion to increase the amount of an appeal bond posted by Alan Ferraro.

It is undisputed that Young knew of this Court's orders directing that he pay the awards of costs to Lefcourt by a date certain. It is further undisputed that he did not comply with the orders of this Court until one day before he appeared before this Court in response to this Court's order to show cause why he should not be held in contempt. Proof of noncompliance established a prima facie case of criminal contempt and the burden then shifted to Young to establish good cause for his noncompliance, thereby negating the inference of willfulness (*see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233; *People v D'Amato,* 12 AD2d 439). Young's contention that he did not have the ability to pay and that this negated the necessary element of willfulness is belied by the record.

The evidence established that in May 1999 Young received $85,458.52 in the settlement of a case, and that he invested $37,000 of those funds in the stock market. The evidence further established that during the period of his noncompliance, Young prioritized his financial obligations and chose to pay some debts before others. He paid court reporters and debts to The Gap, West Publishing, Borders Bookstore, and other vendors. Young never contacted Lefcourt or this Court to seek relief due to his alleged inability to pay the award of costs.

Young's delayed compliance does not render the contempt proceeding academic since his willful failure to obey the lawful mandates of this Court had already occurred, and an additional punishment for his contemptuous disobedience is warranted despite the fact of compliance with those mandates on the eve of the contempt hearing. Orders of this Court directing the payment of costs for frivolous conduct may not be ignored (*see, Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835; *People v Williamson,* 136 AD2d 497).

The uncontested evidence establishes that an award of $1,500 to Lefcourt as costs in connection with the contempt proceedings is appropriate. Bracken, J. P., S. Miller, Ritter and Thompson, JJ., concur.