In the Matter of PETER DIORIO, Appellant, v CITY OF PEEKSKILL COMMON COUNCIL, Respondent. [787 NYS2d 72]—

In a proceeding pursuant to CPLR article 78 to review a determination of the City of Peekskill Common Council dated September 10, 2001, denying the petitioner's application for a special permit, which was determined by a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated March 25, 2002, granting the petition, annulling the determination, and directing the City of Peekskill Common Council to issue the special permit within 30 days of the date of entry of the judgment, the petitioner appeals from an order of the same court (Bellantoni, J.), entered April 1, 2004, which denied his motion, inter alia, to hold the City of Peekskill Common Council in civil contempt pursuant to Judiciary Law article 19, based upon its failure to comply with the judgment, and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing pursuant to 22 NYCRR 130-1.1, to determine the amount of the petitioner's attorney's fee incurred on the motion to hold the respondent in civil contempt, including the reasonable attorney's fee incurred in pursuing this appeal.

By resolution dated September 10, 2001, the respondent

denied the petitioner's application for a special permit allowing him to expand the use of a multi-family residence he owned from a five- to an eight-family use. The petitioner brought a proceeding pursuant to CPLR article 78, seeking to review that determination. The Supreme Court, Westchester County, ruled in the petitioner's favor, issuing a judgment dated March 25, 2002, which, inter alia, annulled the determination and directed the respondent to issue the requested special permit within 30 days of the date of entry of the judgment. The judgment was entered on March 26, 2002, and it was served with notice of its entry two days later. The respondent took an appeal from the judgment, which was dismissed, as abandoned, by decision and order on motion of this Court dated December 31, 2002.

The petitioner received no response to two letters sent to the respondent's counsel requesting compliance with the judgment dated March 25, 2002. By order to show cause dated September 10, 2003, more than 16 months after the deadline the Supreme Court had set for compliance with its judgment, the petitioner moved, inter alia, to hold the respondent in civil contempt for its failure to comply with the judgment dated March 25, 2002, and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1.

At a conference held before the Supreme Court, Westchester County, on November 19, 2003, before submitting any papers in opposition to the petitioner's motion, the respondent conceded that the special permit had not yet issued, in part because of "bad feelings" between the petitioner and its members and asserted, without challenge, that the petitioner had already converted the subject residence to use as an eight-family dwelling, without a building permit. At the respondent's request and without objection from the petitioner, the Supreme Court gave it 60 days from the date of the conference to comply with the judgment and adjourned the petitioner's order to show cause for 60 days. The respondent issued the special permit on December 30, 2003.

In January 2004 the respondent opposed the petitioner's motion, arguing that the special permit had been issued, and that the branch of the motion seeking "fines and sanctions," should be denied because the petitioner had "unclean hands." In particular, the respondent noted that the petitioner bought the subject five-family house in 1990, and that although it was located in a one-family zone, the dwelling could then be used as such as a preexisting nonconforming use. However, in 1999, it was discovered that the petitioner illegally converted the house from a five- to an eight-family dwelling in violation of the local

zoning code, without any of the necessary permits. In response to an enforcement proceeding the City of Peekskill brought against the petitioner, he applied for the special permit. The respondent also noted that the petitioner was not restrained from using the dwelling as an eight-family house throughout the course of the instant proceeding. The Supreme Court denied the petitioner's motion as academic. We modify.

The Supreme Court properly denied as academic that branch of the petitioner's motion which was to hold the respondent in civil contempt pursuant to Judiciary Law article 19 based upon its failure to comply with the judgment. At the conference on November 19, 2003, the Supreme Court gave the respondent additional time to comply with the judgment, without objection from the petitioner. The respondent then issued the special permit to the petitioner within the additional time set by the Supreme Court. Accordingly, that branch of the petitioner's motion which was to hold the respondent in contempt was rendered academic. The cases the petitioner cites in support of a contrary result, *Matter of Fishel v New York State Div. of Hous. & Community Renewal* (172 AD2d 835), and *Ferraro v Ferraro* (272 AD2d 510 [2000]), are clearly distinguishable. In those cases, the parties adjudged to be in contempt did not ask for and did not receive additional time within which to comply with the relevant court orders.

However, the Supreme Court erred in denying as academic that branch of the petitioner's motion which was for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1. Under that provision, such an award may be assessed against a party who engages in "frivolous conduct." Conduct is considered frivolous if, inter alia, "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). At the conference on November 19, 2003, the respondent conceded that the delay in compliance with the judgment was occasioned in part by "bad feelings" between the parties. Under the circumstances, the respondent's conduct was frivolous, and that branch of the petitioner's motion was not rendered academic by the respondent's belated compliance with the judgment. Although that branch of the petitioner's motion which was to hold the respondent in civil contempt properly was denied, the petitioner should not have had to make it in the first place. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing pursuant to 22 NYCRR 130-1.1, to determine the amount of the petitioner's attorney's fee incurred on the motion to hold the respondent in civil contempt, including the reasonable attorney's fee incurred in pursuing this appeal.

The petitioner's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.