■ Sophie Cahen Vorburger, Respondent, v Jean-Louis Vorburger, Appellant. [830 NYS2d 58]—

Qualified domestic relations order (QDRO), Supreme Court, New York County (Joan B. Lobis, J.), entered March 10, 2005, issued in connection with a judgment of divorce entered May 16, 2003, which, inter alia, directed the method of allocating certain benefits in defendant's 401 (k) plan, unanimously affirmed, with costs.

The QDRO does not conflict with the court's decision after trial or the judgment entered thereon (*cf. Curry v Curry*, 14 AD3d 646 [2005]; *Biglin v Biglin*, 2 AD3d 380 [2003]). In conformity with the decision after trial and the divorce judg-

ment, the QDRO expressly provides that defendant's shares in LCCI (a consulting firm), which he placed in his 401 (k) plan, are to be segregated from the 401 (k) assets distributed to plaintiff and that plaintiff is not entitled to a distribution of defendant's 401 (k) that includes the LCCI shares. Defendant's claim that the QDRO should have specified the "marital portion" of his 401 (k) is unpreserved since defendant did not raise that particular objection after plaintiff submitted a third proposed QDRO. In any event, defendant's claim is not supported by a fair reading of the decision after trial. There is no indication in the record that defendant established a marital portion with respect to his 401 (k). Defendant's claim that the QDRO should have employed a valuation date of June 5, 1998, the date of commencement, for the 401 (k) assets, rather than the date of the divorce judgment, is also unpreserved. In any event, use of the judgment date does not conflict with the decision after trial or the divorce judgment, neither of which specifies the valuation date of the 401 (k) plan. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.