■ ARNOLD JOSEPH MARS, Appellant, v ANDREA RENEE MARS, Respondent. [835 NYS2d 21]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered on or about January 24, 2006, which, inter alia, denied plaintiff's postjudgment motion to compel defendant and the parties' children to vacate the former marital residence within 60 days, unanimously affirmed, with costs.

The judgment of divorce, entered March 2000, insofar as pertinent, did not purport to determine child support in accordance with the Child Support Standards Act (CSSA) (Domestic Relations Law § 240 [1-b]). Instead, the judgment gave defendant and the parties' two children exclusive occupancy of the marital residence, which was plaintiff's separate property, until the younger child's emancipation, "unless the plaintiff secures acceptable equivalent living accommodations for the defendant and the children in the neighborhood." Any disputes concerning reasonable equivalence were to be determined by the court. The judgment also provided, "as and for child support," that plaintiff pay all maintenance charges, assessments, and utilities on the marital apartment. Plaintiff appealed the judgment, but withdrew the portion of the appeal that challenged the award of exclusive occupancy and "child support" (286 AD2d 201, 203 [2001]).

Claiming that defendant unreasonably refused an equivalent apartment, plaintiff now seeks to compel defendant and the children to vacate the apartment and have his child support obligation "reset" to account for the children's increased needs in accordance with the CSSA. But, as the motion court emphasized, he also appears to seek "far more than the replacement of the coop with an equivalent rental unit." His argument appears to be that while the judgment of divorce requires him to pay for the apartment for as long as defendant and the children live there, it does not require him to pay for the cost of maintaining the equivalent apartment he would have them move into. The practical result of such a proposal would be that

defendant, who is unemployed and, due to a prenuptial agreement, received no maintenance payments and only a small distributive award, would be unable to maintain any reasonably equivalent apartment. She and the children would have to subsist largely on whatever payments plaintiff would be mandated to make under the CSSA. Plaintiff may be entitled to the apartment should he find a reasonable equivalent, but not on these terms (*cf. Graziano v Graziano*, 285 AD2d 488, 489 [2001], *lv dismissed* 97 NY2d 725 [2002]).

Concerning plaintiff's challenge to the court's refusal to permit him to retrieve his furnishings and other personal property remaining in the apartment, this issue was previously considered in an unappealed prior order, and we decline to review it. Concur—Andrias, J.P., Friedman, Marlow, Williams and Catterson, JJ.