■ NANCY WALDBAUM NIMKOFF, Respondent, v RONALD A. NIMKOFF, Appellant. [835 NYS2d 31]—

Order, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered February 14, 2006, which, to the extent appealed from as limited by the briefs, denied defendant husband's motion for an order holding plaintiff wife in civil contempt for her failure to return his personal property in accordance with a prior order of this Court, unanimously affirmed, with costs.

In May 2005 this Court directed a mutual return of personal property between the parties (18 AD3d 344 [2005]). The argument that defendant has been prejudiced by plaintiff's failure to return his personalty is unpersuasive. In a partial inventory provided to plaintiff in April 2003, defendant listed an Oriental rug, desk lamps, various items of jewelry, a facsimile machine, neckties and unspecified compact discs. In response, plaintiff offered to have their attorneys "deal with the logistics of the exchange." Apparently there was no follow-up in that regard. Responding to the contempt motion, plaintiff stated, in October 2005, she remained willing to facilitate such retrieval as soon as defendant could work out the logistics of the transfer.

The property in question was either left behind by defendant in the parties' vacant marital apartment, or was in storage at the time of their separation. At this late date, any delay in returning the property appears to be due more to lack of communication than to plaintiff's conduct. On this record, plaintiff's

challenged conduct, standing alone, could not be found to have defeated, impaired, impeded or prejudiced defendant's rights to his personal property, so as to justify an order of contempt (*see* Judiciary Law § 753 [A]). Concur—Tom, J.P., Marlow, Nardelli, Gonzalez and Kavanagh, JJ.