■ MAGDA DVIR, Appellant, v DAVID DVIR, Respondent. [837 NYS2d 873]—

Judgment of divorce, Supreme Court, New York County (Steven E. Leibman, Special Referee), entered July 12, 2006, which, to the extent appealed from as limited by the brief, is purportedly inconsistent with the underlying stipulation of settlement, and order, same court and Referee, entered on or about April 28, 2006, construing portions of the stipulation of settlement, unanimously affirmed, with costs.

The Special Referee properly construed the parties' stipulation of settlement, entered into in open court on May 16, 2005 and incorporated but not merged into the judgment of divorce, as entitling defendant to all of the CDs and art books in the townhouse that had been the former marital residence. The stipulation provided unambiguously and without exception that defendant was to have the CD collection found in the townhouse

residence, and although the agreement, in describing the book collection to which defendant was entitled, referred to "art reference books," it is plain that this language was not intended, and would not be sensibly or meaningfully employed, to deny defendant, concededly an avid art book collector and the collector of the art books at issue, any part of the subject art book collection (*see Hewlett v Hewlett*, 243 AD2d 964, 966 [1997], *lv dismissed* 95 NY2d 778 [2000]).

The judgment of divorce clearly entitles defendant to apply mortgage escrow proceeds toward satisfaction of the mortgage on the marital residence. Plaintiff's claim that this and related provisions of the judgment are inconsistent with the underlying stipulation, has been waived, plaintiff having failed to submit a counterjudgment despite ample opportunity to do so, and having failed to affirmatively seek relief respecting the disposition of the escrow funds in the motion court. The contention would, in any case, be without merit.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Buckley, Sweeny and Catterson, JJ.