IRWIN SELINGER, Appellant, v ALICIA ZIZZO SELINGER, Respondent. [844 NYS2d 198]—

Order and judgment (one paper), Supreme Court, New York County (Harold B. Beeler, J.), entered December 11, 2006, which, to the extent appealed from, granted defendant wife's motion for summary judgment declaring that the funds in her Wachovia account are her separate property, unanimously affirmed, with costs.

The court properly granted defendant's motion for summary judgment. Prior to their marriage, the parties, who each had significant assets, entered into a prenuptial agreement, pursuant to which they agreed to waive any rights in and to the other's separate property, including gifts of land to the other as long as the gift was either evidenced in writing or "such records or the title of the donated property must have been changed into the name of the donee party." During the course of the marriage, the parties sold the home that plaintiff owned prior to the marriage and which had been solely in plaintiff's name, and purchased a house in Long Island with legal title to that house being placed solely in defendant's name. By deeding the house to defendant, plaintiff memorialized in writing a gift to his wife pursuant to the clear terms of the prenuptial agreement, and accordingly, the proceeds from the sale of the house, totaling approximately $3.4 million and placed in defendant's Wachovia account, are her separate property. Plaintiff's reliance on an agreement executed by the parties on their first anniversary fails to raise an issue of fact as to his intent because the agreement was admittedly unenforceable and cannot be considered as evidence (*see K. v B.*, 13 AD3d 12, 15 [2004], *lv dismissed* 4 NY3d 776 [2005]). Regardless, plaintiff's position that he never intended to give defendant the Long Island home is unavailing because neither the parties' valid prenuptial agreement nor New York law requires that a gift of land from a husband to a wife be evidenced by a writing explicitly stating the husband's intent (*see Weigert v Schlesinger*, 150 App Div 765, 768-769 [1912], *affd* 210 NY 573 [1914]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ.