■ Sonia Williams, Appellant, v Lex Williams, Respondent. [868 NYS2d 659]—

Plaintiff failed to demonstrate that she and defendant were mistaken as to a material fact when they entered into the 2007 stipulation of settlement (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]). The record establishes that the parties were aware of the 2005 agreement, pursuant to which plaintiff paid defendant $30,000 to relinquish all rights to the marital residence, when they executed the 2007 stipulation, which provides for plaintiff to pay defendant "50% of net equity above current existing mortgage debt (APPRO $268,000) with[in] 60 days of appraisal," that they entered into the 2007 stipulation with the advice of counsel, after several hours of discussion and following allocution by the court, and that the court advised them that the earlier agreement was not acknowledged as required by Domestic Relations Law § 236 (B) (3). Contrary to plaintiff's argument, there was no requirement for the 2007 stipulation to be acknowledged (*see Rubenfeld v Rubenfeld*, 279 AD2d 153 [2001]). Concur—Lippman, P.J., Mazzarelli, Buckley and DeGrasse, JJ.

McGuire, J., dissents in part in a memorandum as follows: I agree that the order from which plaintiff-appellant appeals should be affirmed and with the majority's reasoning. I write separately, however, because I would award costs on this appeal to defendant-respondent.

The appellant presses two claims for setting aside the so-ordered stipulation the parties entered into in open court when both were represented by counsel: mutual mistake of fact and the absence of an acknowledgment. Both of these claims are wholly devoid of merit and at least border on the frivolous. While I recognize that we generally do not award costs in matrimonial appeals, we certainly do award costs in some matrimonial appeals (*see e.g. Selinger v Selinger*, 44 AD3d 341 [2007]; *Dvir v Dvir*, 41 AD3d 217 [2007]; *Kesten v Weingarten*, 40 AD3d 546 [2007]; *Hearst v Hearst*, 40 AD3d 269 [2007], *lv denied* 10 NY3d 708 [2008]; *Nimkoff v Nimkoff*, 39 AD3d 292 [2007]; *Mars v Mars*, 39 AD3d 232 [2007]; *Vorburger v Vorburger*, 37 AD3d 178 [2007]; *Grant v Grant*, 37 AD3d 167 [2007]). Having prevailed on this appeal, respondent should be awarded costs (*see* CPLR 8107) as partial compensation for the costs he needlessly incurred in responding to appellant's baseless even if not frivolous claims. To not award costs, moreover, is unfair to the litigants in matrimonial appeals who are required to pay costs when they fail to prevail on claims that are more substantial than those pressed by appellant on this appeal.