814

The parties are involved in a divorce action after an 18-year marriage. In an order dated March 20, 2009, the husband was restrained from transferring, withdrawing, or otherwise using any of the funds deposited in any of the parties' accounts at nine different financial institutions, including Chase Bank, except for ordinary business and personal expenses. On April 24, 2009, the parties entered into a so-ordered stipulation which continued the restraints imposed by the order dated March 20, 2009, except that the restraints with respect to certain financial institutions, including Chase Bank, were vacated. The wife was restrained from transferring or disposing of property except for ordinary business and personal expenses.

In July 2010 the husband moved to hold the wife in civil contempt, asserting that she had disposed of at least $155,000 of joint property in violation of the April 24, 2009, so-ordered stipulation. The wife cross-moved for an award of interim counsel fees.

In an order entered December 8, 2010, the Supreme Court, inter alia, denied the husband's motion and the wife's cross motion, finding that the use of the money by the wife did not rise to the level of contempt.

In November 2009 the wife moved to hold the husband in civil contempt on the ground that he had withdrawn funds from a joint bank account, and for an award of interim counsel fees.

In an order entered December 23, 2010, the Supreme Court denied the wife's motion.

The Supreme Court providently exercised its discretion in denying the motions to hold the respective parties in civil contempt, as the respective parties failed to demonstrate, by clear and convincing evidence, that the other party to be held in contempt willfully violated a clear and unequivocal mandate of a court order, with knowledge of that order's terms, thereby prejudicing the movant's rights (*see McGrath v McGrath*, 85 AD3d 742 [2011]; *Rubin v Rubin*, 78 AD3d 812 [2010]; *Soehngen v Soehngen*, 58 AD3d 829 [2009]; *Galanos v Galanos*, 46 AD3d 507 [2007]; *Pantelidis v Pantelidis*, 297 AD2d 791 [2002]).

The parties' remaining contentions are without merit. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.