■ FRANK RIO, Appellant, v LORI LYNN RIO, Respondent. [973 NYS2d 921]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated March 25, 2011, as amended November 21, 2011, as denied that branch of his motion which was for a determination that a post-nuptial agreement dated September 22, 2009, was void, and denied, as academic, that branch of his motion which was for a determination that an agreement dated March 11, 2005, was valid.

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (MacKenzie, J.), entered December 28, 2011, as, upon an order of the same court dated March 25, 2011, as amended November 21, 2011, denying those branches of his motion which were for determinations that a separation agreement dated March 11, 2005, was valid, and a postnuptial agreement dated September 22, 2009, was not valid, determined that the postnuptial agreement dated September

22, 2009, was valid and binding on the parties and incorporated, but did not merge, the postnuptial agreement into the judgment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 2001. They entered into a separation agreement dated March 11, 2005, which was duly acknowledged. The 2005 separation agreement provided, in part, that the appellant would pay the respondent $500 weekly as maintenance for a period of two years, commencing on March 11, 2005.

In 2007, the parties attempted a reconciliation. However, in 2008, the respondent commenced an action for a divorce and ancillary relief in the Supreme Court, Suffolk County, under index No. 35634/2008 (hereinafter the respondent's action). Thereafter, the parties, through separate counsel, negotiated a "Post-Nuptial Agreement," settling the respondent's action. Pursuant to the postnuptial agreement, the appellant was to pay the respondent the sum of $300,000. The postnuptial agreement also provided that the parties "hereby revoke any and all agreements . . . previously made by the parties." Both parties executed the postnuptial agreement on September 22, 2009, in the presence of two witnesses. However, prior to the execution of the postnuptial agreement, the appellant discharged his attorney.

The appellant had signed a stipulation discontinuing the respondent's action and his counterclaims the day before the execution of the postnuptial agreement. On the same day that the postnuptial agreement was executed, counsel for the respondent and the appellant signed a stipulation discontinuing with prejudice the respondent's action.

Thereafter, in 2010, the appellant commenced this action for a divorce and ancillary relief. On December 16, 2010, the parties and their counsel signed a preliminary conference stipulation and order which indicated that, with respect to present maintenance being paid, the respondent was being paid "$1,000 per week to be credited toward $300,000 under postnup. agreement."

The respondent subsequently moved for pendente lite relief. In his affidavit opposing the respondent's motion, the appellant acknowledged that he had agreed to pay the respondent $1,000 per week for maintenance. In an order dated January 21, 2011, determining the respondent's motion, the Supreme Court directed the appellant to pay the respondent $1,000 per week as temporary maintenance "as agreed upon in the Stipulation and Order dated December 16, 2010."

The appellant thereafter moved, inter alia, for determinations that the postnuptial agreement was not valid and the 2005 separation agreement was valid. In an order dated March 25, 2011, as amended November 21, 2011, the Supreme Court denied those branches of the appellant's motion. In the judgment appealed from, the court determined that the postnuptial agreement was valid and binding on the parties and incorporated, but did not merge, the postnuptial agreement into the judgment.

Contrary to the appellant's contention, the Supreme Court properly determined that the postnuptial agreement was valid and that Domestic Relations Law § 236 (B) (3) does not compel a different result. "An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" (Domestic Relations Law § 236 [B] [3]). A written agreement between parties made before or during a marriage which does not meet the formalities of Domestic Relations Law § 236 (B) (3) is not enforceable (see *Galetta v Galetta*, 21 NY3d 186 [2013]; *Matisoff v Dobi*, 90 NY2d 127, 130 [1997]). However, Domestic Relations Law § 236 (B) (3) "applies only to agreements entered into outside the context of a pending judicial proceeding" (*Rubenfeld v Rubenfeld*, 279 AD2d 153, 158 [2001] [internal quotation marks omitted]; see *Williams v Williams*, 57 AD3d 233 [2008]; *Nordgren v Nordgren*, 264 AD2d 828 [1999]). Moreover, "[s]tipulations of settlement are favored by the courts and are not lightly cast aside" (*Castellano v Castellano*, 66 AD3d 942, 942 [2009]). Thus, "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered" (CPLR 2104; see *Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 285 [2004]; *Diarassouba v Urban*, 71 AD3d 51, 55 [2009]).

Here, the record established that the parties relied on the duly executed stipulation of settlement, which was denominated as the postnuptial agreement, as a means of resolving the respondent's prior divorce action. It is undisputed that the postnuptial agreement was executed while the respondent's action was pending before the Supreme Court. Further, in the instant action, the Supreme Court referred to the appellant's obligations pursuant to the postnuptial agreement in two prior orders. Accordingly, the postnuptial agreement was valid, as it "was ex-

ecuted in the context of a pending divorce proceeding, and was subject to judicial oversight, even though it was not signed in open court" (*Acito v Acito*, 23 Misc 3d 832, 836 [Sup Ct, Bronx County 2009], *affd* 72 AD3d 493 [2010]; *see* CPLR 2104).

Moreover, the appellant relied upon the postnuptial agreement in the preliminary conference order relating to his maintenance obligation in this action. Having done so, he ratified the postnuptial agreement (*see Friedman v Garey*, 8 AD3d 129 [2004]; *Weinstein v Weinstein*, 109 AD2d 881, 882 [1985]; *see also Beutel v Beutel*, 55 NY2d 957, 958 [1982]). A party who "accepts the benefits provided under a[n] agreement for any considerable period of time" is deemed to have ratified the agreement and thus, "relinquishes the right to challenge that agreement" (*Wasserman v Wasserman*, 217 AD2d 544, 544 [1995]; *see Kessler v Kessler*, 89 AD3d 687, 688 [2011]; *Cosh v Cosh*, 45 AD3d 798, 800 [2007]).

Therefore, the Supreme Court properly denied that branch of the appellant's motion which was for a determination that the postnuptial agreement was not valid (*see* CPLR 2104; *Williams v Williams*, 57 AD3d 233 [2008]; *Rubenfeld v Rubenfeld*, 279 AD3d at 158; *Acito v Acito*, 23 Misc 3d at 836).

Inasmuch as the postnuptial agreement provided for the revocation of all prior agreements, the Supreme Court also properly denied that branch of the appellant's motion which was for a determination that the 2005 separation agreement, was valid, since the postnuptial agreement superseded the prior agreement (*see Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester*, 99 AD3d 998, 999 [2012]).

The parties' remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Austin, Roman and Cohen, JJ., concur.