RICHARD O'BRIEN, Appellant, v EILEEN O'BRIEN, Respondent. [981 NYS2d 780]—

In a matrimonial action in which the parties were divorced by a judgment entered March 19, 1992, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Prus, J.), dated September 27, 2011, which denied those branches of his motion which were, in effect, for leave to reargue those branches of his prior motion which were to hold the defendant in civil contempt, to direct the defendant to pay him one half of the value of certain stocks sold by the defendant, and for an award of counsel fees, which had been denied in an order of the same court (Platt, J.H.O.) dated February 9, 2011, and denied those branches of his motion which were, in effect, for leave to reargue his opposition to those branches of the defendant's prior cross motion which were to direct him to compensate the defendant for the value of her interest in certain real property located in Utah, to reimburse her for 50% of the costs of certain repairs and improvements to the former marital residence, and for an award of child support arrears, which had been granted in the order dated February 9, 2011, (2) an order of the same court (Prus, J.) dated November 14, 2011, which denied that branch of the plaintiff's motion which was pursuant to CPLR 4403 to reject the report of the Judicial Hearing Officer (Platt, J.H.O.) finding that the defendant was entitled to an award of counsel fees, and thereupon confirmed the report, and (3), as limited by his brief, from so much of a money judgment of the same court (Prus, J.) dated February 3, 2012, as, upon the orders dated February 9, 2011, and November 14, 2011, directed him to pay to the defendant the sum of $17,016.61, plus interest, to reimburse her for 50% of the costs of repairs and improvements to the former marital residence, awarded the defendant arrears for child support in the principal sum of $25,740, plus statutory interest, awarded the defendant the sum of $24,229.95 for unspecified obligations relating to child support, awarded the defendant "other child support" in the principal sum of $13,899.60, plus statutory interest, awarded the defendant $35,000, plus statutory interest, for her interest in the Utah property, awarded the defendant counsel fees in the principal sum of $17,500, plus statutory interest.

Ordered that the appeals from the orders dated September 27, 2011, and November 14, 2011, are dismissed, without costs or disbursements; and it is further,

Ordered that the money judgment is modified, on the law and the facts, (1) by deleting the provision thereof directing the plaintiff to pay to the defendant the sum of $17,016.61, plus interest, to reimburse her for 50% of the costs of repairs and improvements to the former marital residence, and substituting therefor a provision directing the plaintiff to pay to the defendant the sum of $16,653.61, plus statutory interest, to reimburse her for 50% of the costs and repairs to the former marital residence, (2) by deleting the provision thereof awarding the defendant arrears for child support in the sum of $25,740, plus statutory interest, and substituting therefor a provision awarding the defendant arrears for child support in the sum of $23,740, plus statutory interest, (3) by deleting the provision thereof awarding the defendant the sum of $24,229.95 for unspecified obligations relating to child support, (4) by deleting the provision thereof awarding the defendant "other child support" in the sum of $13,899.60, plus statutory interest, and (5) by adding a provision thereto directing the defendant to pay to the plaintiff the sum of $10,613.29, representing 50% of the value of certain stocks sold by the defendant; as so modified, the money judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendant's cross motion which was to direct the plaintiff to reimburse the defendant for 50% of the costs of repairs and improvements to the former marital residence is granted to the extent that the plaintiff is directed to pay to the defendant the sum of $16,653.61, plus statutory interest, and is otherwise denied, that branch of the defendant's cross motion which was for an award of child support arrears is granted to the extent that the defendant is awarded child support arrears in the sum of $23,740, plus statutory interest, and is otherwise denied, and that branch of the plaintiff's motion which was to direct the defendant to pay him one half of the value of certain stock sold by the defendant is granted to the extent that the defendant is directed to pay to the plaintiff the sum $10,613.29, and is otherwise denied, the order dated February 9, 2011, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the calculation of the interest due in accordance herewith and the entry of an appropriate amended judgment thereafter.

The appeal from the order dated September 27, 2011, must be dismissed, as no appeal lies from an order denying leave to

reargue (*see Indymac Bank, F.S.B. v Moise*, 107 AD3d 851, 852 [2013]; *Neunteufel v Nelnet Loan Servs., Inc.*, 104 AD3d 657 [2013]). Moreover, the appeal from the order dated November 14, 2011, must be dismissed as superseded by the money judgment.

On November 21, 1991, the parties entered into a so-ordered stipulation of settlement (hereinafter the stipulation) in open court, which survived and did not merge into a judgment of divorce entered on March 19, 1992, or a related order dated March 20, 1992. The stipulation provided, among other things, that "the marital premises will be sold when [the parties' son] Michael finishes his four-year college education." Further, the parties agreed that "the stocks, bonds or other securities shall be split 50/50 between [them]," and that the plaintiff would pay child support for Michael in the sum of $165 per week. It was additionally stated on the record during the settlement proceeding that the defendant "would get credit for the cost of major repairs and improvements" to the marital residence, and that the plaintiff would reimburse her semi-annually for 50% of her mortgage payments on the marital residence.

Shortly after Michael's graduation from college in May 2006, the plaintiff moved to hold the defendant in civil contempt for failing to place the marital residence on the market and for failing to divide the jointly owned securities. The plaintiff also asked the Supreme Court, inter alia, to award him counsel fees, and to direct the defendant to pay him one half of the value of certain stocks sold by the defendant. Subsequently, the defendant cross-moved, inter alia, for reimbursement of the costs she incurred for improvements and repairs to the former marital residence and an award of child support arrears, and the matter was referred to a judicial hearing officer (hereinafter the JHO) to hear and determine the plaintiff's motion and the defendant's cross motion. In an order dated February 9, 2011, made after a hearing, the JHO, among other things, denied the plaintiff's motion and granted those branches of the defendant's cross motion which were to reimburse her for 50% of the costs she incurred for certain repairs and improvements to the former marital residence, and for an award of child support arrears. In addition, the JHO found that the defendant was entitled to an award of counsel fees.

Following the JHO's decision, the plaintiff moved pursuant to CPLR 4403 to reject the JHO's report finding that the defendant was entitled to an award of counsel fees, arguing that the award was beyond the authority granted to the JHO in the order of reference. The plaintiff simultaneously moved, in effect,

for leave to reargue both his prior motion and his opposition to the defendant's prior cross motion. In an order dated September 27, 2011, the Supreme Court denied those branches of the plaintiff's motion which were for leave to reargue. In an order dated November 14, 2011, the Supreme Court, upon determining that the JHO was, in effect, authorized to hear and report on the issue of counsel fees, denied that branch of the plaintiff's motion which was pursuant to CPLR 4403 to reject the JHO's report, and thereupon confirmed the JHO's report finding that the defendant was entitled to an award of counsel fees. The Supreme Court subsequently entered a money judgment upon the orders dated February 9, 2011, and November 14, 2011.

A stipulation of settlement "is a contract subject to [the] principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning" (*Matter of Filosa v Donnelly*, 94 AD3d 760, 760 [2012] [internal quotation marks omitted]; *see Dimond v Dimond*, 105 AD3d 891, 891-892 [2013]; *Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008]). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Hepburn v Hepburn*, 78 AD3d 1001, 1002 [2010] [internal quotation marks omitted]; *see Herzfeld v Herzfeld*, 50 AD3d at 851). "A court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract" (*Penavic v Penavic*, 88 AD3d 671, 672 [2011]; *see Matter of Korosh v Korosh*, 99 AD3d 909, 911 [2012]; *Herr v Herr*, 5 AD3d 550, 552 [2004]).

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in denying that branch of his motion which was to hold the defendant in contempt for failing to place the marital residence on the market, for failing to divide the jointly owned securities, and for selling certain shares of stock. To prevail on a motion to punish for civil contempt pursuant to Judiciary Law § 753, based on a violation of a court order, the movant must "establish by clear and convincing evidence that a lawful court order clearly expressing an unequivocal mandate was in effect, that the person alleged to have violated the order had actual knowledge of its terms, and that the violation has defeated, impaired, impeded, or prejudiced the rights of a party" (*Manning v Manning*, 82 AD3d 1057, 1058 [2011]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Bernard-Cadet v Gobin*, 94 AD3d 1030, 1031 [2012]).

Here, the plaintiff failed to establish, by clear and convincing evidence, that the defendant violated a clear and unequivocal mandate in the stipulation of settlement, thereby prejudicing the plaintiff's rights (*see Reback v Reback*, 73 AD3d 890, 891 [2010]; *Palladino v Palladino*, 89 AD3d 814, 815 [2011]; *Kutanovski v Kutanovski*, 162 AD2d 662 [1990]). The stipulation contained no provision placing the responsibility for selling the marital residence or for dividing the securities solely on the defendant, and "neither party exercised reasonable efforts to effectuate the sale of the marital residence" or the division of the securities (*Kutanovski v Kutanovski*, 162 AD2d at 663; *see also Nimkoff v Nimkoff*, 39 AD3d 292, 292-293 [2007]). Additionally, the evidence relied upon by the parties in connection with submissions they made to the court in 2006 supported the Supreme Court's conclusion that the value of the stock sold by the defendant in 1994 and 1996 did not exceed her 50% share of the securities held in the parties' two stock accounts. Since the plaintiff failed to demonstrate that the defendant engaged in contemptuous conduct, or that the defendant willfully failed to comply with the terms of the stipulation, the plaintiff was not entitled to an award of counsel fees pursuant to Judiciary Law § 773 or Domestic Relations Law § 237 (c) (*see Miller v Miller*, 61 AD3d 651, 652 [2009]; *cf. Vider v Vider*, 85 AD3d 906, 908 [2011]; *Loria v Loria*, 46 AD3d 768, 770 [2007]).

Moreover, the Supreme Court correctly concluded that the plaintiff's voluntary payments to the defendant for the benefit of the parties' child Michael, which were not made pursuant to a court order, may not be credited against the child support arrears due pursuant to the stipulation (*see Horne v Horne*, 22 NY2d 219, 224 [1968]; *LiGreci v LiGreci*, 87 AD3d 722, 724 [2011]; *Heiny v Heiny*, 74 AD3d 1284, 1288 [2010]; *Matter of Hang Kwok v Xiao Yan Zhang*, 35 AD3d 467, 468 [2006]). However, the Supreme Court, in the money judgment dated February 3, 2012, should have credited the plaintiff for a payment in the sum of $2,000 made by him in June 2002. At the hearing before the JHO, the defendant did not contradict the plaintiff's testimony that this payment was for child support. Thus, the award of $25,740 for child support arrears must be reduced by $2,000. Further, the plaintiff correctly contends that the Supreme Court, in the money judgment dated February 3, 2012, improperly awarded the defendant the sum of $24,229.95 for unspecified obligations relating to child support and $13,899.60 "for other child support," as those awards were undisputedly neither sought by the defendant nor supported by the record. Accordingly, those provisions must be deleted from the money judgment.

The Supreme Court properly interpreted the parties' stipulation to require the plaintiff to reimburse the defendant for 50% of the costs of "major repairs and improvements" to the former marital residence (*see generally Hepburn v Hepburn*, 78 AD3d 1001, 1002 [2010]; *Andersen v Andersen*, 69 AD3d 773, 774 [2010]). However, construing the language in accordance with its plain and ordinary meaning (*see Matter of Filosa v Donnelly*, 94 AD3d at 760), the purchase of a mailbox for $47, the refinishing of a stained-wood floor for $324, the cleaning of the home's chimneys for $205, and the replacement of chimney caps for $150 did not qualify as major repairs or improvements, but merely constituted ordinary maintenance work (*cf. Horne v Horne*, 22 NY2d at 222). Accordingly, the defendant is not entitled to a reimbursement for 50% of those payments, and the award of $17,016.61 must be reduced by $363.

Moreover, the Supreme Court should have granted that branch of the plaintiff's motion which was to direct the defendant to pay the plaintiff one half of the value of certain stocks sold by the defendant in 1994 and 1996. Pursuant to the stipulation, the securities in the parties' joint stock accounts were to "be split 50/50 between the parties." The defendant's testimony at the hearing and the documentary evidence submitted by the parties to the Supreme Court demonstrated that the defendant sold substantially all of the shares in one of the parties' stock accounts for the sum of $21,226.57, leaving shares worth in excess of $20,000 in the parties' remaining account. Although the defendant's sale of the stocks did not violate the stipulation, it involved all, or most, of the shares to which she was entitled pursuant to the stipulation. In October 2007, the plaintiff transferred one half of the remaining shares out of the second account. In the absence of compensation to the plaintiff for one half of the value of the shares sold by the defendant, the defendant would be left with more than her 50% share of the securities in the parties' joint stock accounts, as she would retain the proceeds of the sale of her 50% share in the 1990s, as well as one half of the remaining stocks. Accordingly, the plaintiff is entitled to an award in the sum of $10,613.29, representing 50% of the value of the stocks sold by the defendant.

The plaintiff's remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.