The People of the State of New York, Respondent,
against
Mohamed Ameer, Appellant.



Appeal from an order of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), dated November 8, 2013. The order adjudged defendant in contempt of court and imposed a sentence of 15 days of incarceration.




ORDERED that the order is affirmed.
Following a hearing, the Criminal Court, in an order dated November 8, 2013, adjudged defendant to be in criminal contempt, after finding that, on November 1, 2013, "despite a full order of protection," defendant, "in full view of court and audience," sat with and spoke to the person from whom he was ordered to stay away.
Pursuant to Judiciary Law § 750 (A) (3), a court of record has the power to punish for a criminal contempt a person guilty of "[w]ilful disobedience to its lawful mandate." An essential element of criminal contempt is willful disobedience (see Matter of Figueroa-Rolon v Torres, 121 AD3d 684 [2014]; Dalessio v Kressler, 6 AD3d 57 [2004]), and knowingly failing to comply with a court order gives rise to an inference of willfulness, which may be rebutted with evidence of good cause for noncompliance (see Gomes v Gomes, 106 AD3d 868 [2013]; Ferraro v Ferraro, 272 AD2d 510 [2000]). At the hearing conducted on November 8, 2013 to adjudicate the contempt, Judge Hecht stated that, on November 1, 2013, he had observed defendant sitting in the back of the courtroom with the person in whose favor an order of protection had been issued and talking to her in blatant violation of that order. Judge Hecht further indicated that he could not have defendant sitting in full view of "the audience" with a person from whom he was ordered to stay away, which he considered to be "just about as contumacious as conduct can get." There was no defense or explanation offered by defendant or his counsel. Defense counsel only requested that the court impose a fine, as opposed to a sentence of imprisonment. Thus, a prima facie case of criminal contempt was established through proof of defendant's noncompliance with the order of protection, and, since defendant never denied knowing that the order of protection was in effect or that he was not supposed to speak with the person in whose favor it was issued, he did not meet his burden of establishing good cause for his noncompliance, thereby failing to negate the inference of willfulness (see Ferraro, 272 AD2d 510). 
Additionally, we find that the sentence of 15 days of incarceration was not excessive, as it did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles (see Judiciary Law § 751 [1]), and defendant has not demonstrated the existence of mitigating or extraordinary circumstances (see People v Farrar, 52 NY2d 302 [1982]; People v Vega, 73 AD3d [*2]1218 [2010]; People v Suitte, 90 AD2d 80 [1981]). We also decline to modify the sentence in the interest of justice (cf. CPL 470.15 [6] [b]).
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: January 24, 2017