■ FELICE J. MURACA, Appellant, v MARK MEYEROWITZ et al., Respondents, et al., Defendants. [853 NYS2d 636]—

"An essential element of criminal contempt is willful disobedience" (*Dalessio v Kressler*, 6 AD3d 57, 66 [2004]). Indeed,

"[t]o be found guilty of criminal contempt, the contemnor usually must be shown to have violated the order [or judgment] with a higher degree of willfulness than is required in a civil contempt proceeding" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]). Moreover, unlike a civil contempt proceeding, proof of guilt must be established beyond a reasonable doubt in a criminal contempt proceeding (*see County of Rockland v Civil Serv. Empls. Assn.*, 62 NY2d 11, 16 [1984]; *N.A. Dev. Co. v Jones*, 99 AD2d 238 [1984]).

Here, we agree with the Supreme Court that the plaintiff failed to make the prima facie showing of willful disregard of a court order by the defendants Mark Meyerowitz and Karen Meyerowitz necessary to support a finding of criminal contempt. While those defendants may have misinterpreted a certain provision of the judgment, the record nevertheless supports the conclusion that they made reasonable attempts to comply with that provision soon after the entry of the judgment. Under such circumstances, a finding of criminal contempt was not warranted (*cf. Ferraro v Ferraro*, 272 AD2d 510 [2000]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.