■ HSBC Mortgage Corp., Formerly Known as Marine Midland Mortgage Corporation, Respondent, v David Oberlander, Appellant, and 788 Realty USA Corp. et al., Respondents. [936 NYS2d 899]—

"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (*Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]; *see Educational Reading Aids Corp. v Young*, 175 AD2d 152 [1991]). "In order to prevail on such a motion, the moving party must demonstrate that the party charged with contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the moving party's rights" (*Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d 626, 626 [2010]; *see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d at 946; *Matter of Rothschild v Edwards*, 63 AD3d 744, 745 [2009]; *Galanos v Galanos*, 46 AD3d 507, 508 [2007]; *Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the motion of the defendant David Oberlander which was to hold the plaintiff and its attorneys in civil contempt for transferring title to the subject real property while a stay pending the hearing and determination of an appeal was in effect. Oberlander failed to meet his burden so as to warrant holding the plaintiff and its attorneys in civil contempt.

The parties' remaining contentions are without merit. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.