■ Christian D. Gomes, Appellant, v Steven S. Gomes, Respondent. [965 NYS2d 187]—

In an action, inter alia, to recover damages for breach of fiduciary duty, wrongful termination, and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 21, 2011, which denied, without a hearing, his motion to hold the defendant in civil and/or criminal contempt of an order of the same court (Pines, J.), dated September 23, 2011.

Ordered that the order dated November 21, 2011, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of whether the defendant is guilty of civil and/or criminal contempt.

"Civil contempt (*see* Judiciary Law § 753) 'has as its aim the vindication of a private party to litigation' " (*Dalessio v Kressler*, 6 AD3d 57, 65 [2004], quoting *McCain v Dinkins*, 84 NY2d 216, 226 [1994]). In order to prevail on a motion to hold a party in contempt, the moving party must demonstrate that the party charged with contempt violated a clear and unequivocal

mandate of the court, thereby prejudicing the moving party's rights (*see Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d 626, 626 [2010]; *HSBC Mtge. Corp. v Oberlander*, 91 AD3d 721, 722 [2012]). "It is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes, or prejudices the rights or remedies of a party" (*Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]; *see Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d at 626). "The burden of proof is on the proponent of the contempt motion, and the contempt must be established by clear and convincing evidence" (*Massimi v Massimi*, 56 AD3d 624, 624 [2008]; *see Matter of Philie v Singer*, 79 AD3d at 1042).

"[U]nlike a civil contempt proceeding, [in a criminal contempt proceeding,] proof of guilt must be established beyond a reasonable doubt" (*Muraca v Meyerowitz*, 49 AD3d 697, 698 [2008]). "The purpose of criminal contempt (*see* Judiciary Law § 750) is to vindicate the authority of the court. No showing of prejudice to the rights of a party to the litigation is needed 'since the right of the private parties to the litigation is not the controlling factor' " (*Dalessio v Kressler*, 6 AD3d at 65, quoting *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987] [citations omitted]). However, "[a]n essential element of criminal contempt is willful disobedience. Knowingly failing to comply with a court order gives rise to an inference of willfulness which may be rebutted with evidence of good cause for noncompliance" (*Dalessio v Kressler*, 6 AD3d at 66 [citations omitted]; *see Matter of Snyder v Snyder*, 277 AD2d 734 [2000]; *Ferraro v Ferraro*, 272 AD2d 510, 512 [2000]).

"[A]n application to adjudicate a party in contempt is treated in the same fashion as a motion and a hearing must be held if issues of fact are raised" (*Quantum Heating Servs. v Austern*, 100 AD2d 843, 844 [1984] [citation omitted]; *see Mulder v Mulder*, 191 AD2d 541, 541 [1993]). However, "a hearing is not necessary when there is no factual dispute as to [the party's] conduct unresolvable from the papers on the motion" (*Quantum Heating Servs. v Austern*, 100 AD2d at 844 [internal quotation marks omitted]; *see Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1073, 1074 [2008]; *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]).

Here, contrary to the Supreme Court's conclusion, the defendant violated the Supreme Court's order dated September 23, 2011, by allowing his staff to shred documents at the subject car

dealership on September 28, 2011, and October 6, 2011. The order clearly and unequivocally directed the defendant to maintain and preserve all of the dealership's documents. However, the parties' motion papers presented an issue of fact as to whether the defendant's failure to comply with the order defeated, impaired, impeded, or prejudiced the plaintiff's rights. Further, questions of fact exist as to whether the defendant wilfully failed to comply with the order. Thus, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing on these issues and a new determination thereafter.

Finally, since it is undisputed that the defendant had actual knowledge of the contents of the order dated September 23, 2011, contrary to the defendant's contention, the plaintiff's failure to serve a certified copy of the order upon the defendant would not be a basis for denying the plaintiff's motion (*see Village of Westhampton Beach v Suffolk Asphalt Supply*, 253 AD2d 425, 427 [1998]; *Puro v Puro*, 39 AD2d 873 [1972], *affd* 33 NY2d 805 [1973]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.