■ In the Matter of Luis A. Figueroa-Rolon, Sr., Respondent, v Veronica Torres, Appellant. [993 NYS2d 348]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Richardson-Mendelson, J.), dated December 11, 2012, which denied her motion to hold the

father in civil and criminal contempt for willfully violating the visitation provisions of an order of the same court dated January 5, 2012, as modified by an order dated March 30, 2012.

Ordered that the order dated December 11, 2012, is affirmed, without costs or disbursements.

To find a party in civil contempt pursuant to Judiciary Law § 753, the applicant must demonstrate, by clear and convincing evidence, " '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct' " (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013], quoting *Bernard-Cadet v Gobin*, 94 AD3d 1030, 1031 [2012]; *see* Judiciary Law § 753 [A]). To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party (*see Astrada v Archer*, 71 AD3d 803 [2010]; *Casavecchia v Mizrahi*, 57 AD3d 702 [2008]; *Orange County-Poughkeepsie Ltd. Partnership v Bonte*, 37 AD3d 684, 686 [2007]; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.*, 246 AD2d 538 [1998]).

In a criminal contempt proceeding, proof of guilt must be established beyond a reasonable doubt (*see Muraca v Meyerowitz*, 49 AD3d 697, 698 [2008]). "The purpose of criminal contempt (*see* Judiciary Law § 750) is to vindicate the authority of the court. No showing of prejudice to the rights of a party to the litigation is needed 'since the right of the private parties to the litigation is not the controlling factor' " (*Dalessio v Kressler*, 6 AD3d 57, 65 [2004], quoting *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987] [citations omitted]). "However, '[a]n essential element of criminal contempt is willful disobedience. Knowingly failing to comply with a court order gives rise to an inference of willfulness which may be rebutted with evidence of good cause for noncompliance' " (*Gomes v Gomes*, 106 AD3d 868, 869 [2013], quoting *Dalessio v Kressler*, 6 AD3d at 66; *see Matter of Snyder v Snyder*, 277 AD2d 734 [2000]; *Ferraro v Ferraro*, 272 AD2d 510, 512 [2000]).

Here, the mother failed to demonstrate that the father's conduct, in failing to exercise his own right to visitation, was calculated to or actually did defeat, impair, impede, or prejudice her rights (*see Matter of Yang v Luo*, 103 AD3d 661 [2013]; *Matter of Januszka v Januszka*, 90 AD3d 1253 [2011]). Moreover, the Family Court's determination that the father's conduct was not willful has ample support in the record. Accordingly, the

court properly denied the mother's motion to hold the father in civil and criminal contempt. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.