■ Ayana Rush et al., Respondents, v Save My Home Corp. et al., Defendants, and David Gotterup, Appellant. [45 NYS3d 113]—

In an action, inter alia, to recover damages for breach of contract, the defendant David Gotterup appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered February 17, 2015, which, after a hearing, granted that branch of the plaintiffs' motion which was to hold him in criminal contempt for willfully disobeying an order of the same court (Jaeger, J.), entered September 14, 2011, and imposed an intermittent sentence of 10 consecutive weekends in the Nassau County Correctional Center. By decision and order on motion of this Court dated March 27, 2015, the order entered February 17, 2015, was stayed pending hearing and determination of the appeal.

Ordered that the order entered February 17, 2015, is modified, on the law, by deleting the provision thereof imposing an intermittent sentence of 10 consecutive weekends in the Nassau County Correctional Center; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to Supreme Court, Nassau County, for further proceedings consistent herewith.

The purpose of criminal contempt is to vindicate the authority of the court (*see Matter of Figueroa-Rolon v Torres*, 121 AD3d 684, 685 [2014]) and to punish the contemnor for disobeying a court order (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239 [1987]). "In order to sustain a finding of criminal contempt, there must be proof beyond a reasonable doubt that the contemnor willfully failed to obey an order of the court" (*Matter of Rubackin v Rubackin*, 62 AD3d 11, 15 [2009]; *see Town of Riverhead v T.S. Haulers, Inc.*, 68 AD3d 1103 [2009]). Here, the evidence before the Supreme Court was sufficient to support a finding, beyond a reasonable doubt, that the defendant David Gotterup (hereinafter the appellant) willfully disobeyed a lawful mandate of the court (*see* Judiciary Law § 750 [A] [3]). Contrary to the appellant's contention, there was evidence presented at the hearing to support the conclusion that his failure to comply with the order entered September 14, 2011, was willful (*see Matter of Rubackin v Rubackin*, 62 AD3d 11 [2009]; *Ferraro v Ferraro*, 272 AD2d 510 [2000]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was to hold the appellant in criminal contempt for willfully disobeying the order entered September 14, 2011.

We agree with the appellant's contention that the plaintiffs failed to lay a proper foundation for the introduction into evidence of the business records obtained from his former office

on Hempstead Turnpike. Contrary to the plaintiffs' contention, documents obtained by subpoena cannot be admitted into evidence without a proper evidentiary foundation (see CPLR 4518 [a]; 6 John Henry Wigmore, Evidence § 1894 [James H. Chadbourn rev 1976]). Moreover, the Supreme Court erred in admitting certain Internet website printouts over the appellant's hearsay objection (see Dyer v 930 Flushing, LLC, 118 AD3d 742 [2014]). However, the error in admitting these documents was harmless and does not provide an independent basis for reversal (see CPLR 2002; Loja v Lavelle, 132 AD3d 637, 641 [2015]).

Although the Supreme Court properly found the appellant to be in criminal contempt, the sentence imposed is invalid. The maximum punishment prescribed for criminal contempt is a definite sentence not to exceed 30 days (see Judiciary Law § 751). Here, the Supreme Court imposed an intermittent sentence of 10 consecutive weekends in the Nassau County Correctional Center. In imposing an intermittent sentence, the Supreme Court was bound by the procedures applicable to intermittent sentences under the Penal Law (see Penal Law § 5.05 [2]; Matter of Kuriansky v Azam, 151 Misc 2d 176 [Sup Ct, Kings County 1991]). Pursuant to Penal Law § 85.00 (3), a sentence of intermittent imprisonment "may be for any term that could be imposed as a definite sentence of imprisonment for the offense for which such sentence is imposed. The term of the sentence shall commence on the day it is imposed and shall be calculated upon the basis of the duration of its term, rather than upon the basis of the days spent in confinement, so that no person shall be subject to any such sentence for a period that is longer than a period that commences on the date the sentence is imposed and ends on the date the term of the longest definite sentence for the offense would have expired." The sentence imposed here violates the Penal Law by extending the incarceration of the appellant beyond the period of 30 days from the day of sentencing. Thus, we remit the matter to the Supreme Court, Nassau County, for the imposition of a sentence consistent with Penal Law § 85.00 (3).

The appellant's remaining contentions are without merit. Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.