■ Scott Savel, Appellant, v Michele K. Savel, Respondent. [61 NYS3d 97]—

Appeal from an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), dated April 22, 2015. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to hold the defendant in contempt and to direct the defendant to maintain a whole life insurance policy during the pendency of the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action for a divorce and ancillary relief, the plaintiff served a summons with notice accompanied by the "automatic orders" of Domestic Relations Law § 236 (B) (2) (b), which require, inter alia, that both parties maintain existing life in-

surance policies in full force and effect. The plaintiff thereafter moved, among other things, to hold the defendant in civil and criminal contempt, alleging that she violated the automatic orders by ceasing to pay the premiums for his whole life insurance policy. He further sought an order directing the defendant to maintain the subject policy during the pendency of the action. In opposition, the defendant conceded that she ceased paying the premiums for the plaintiff's whole life insurance policy, but argued that she did not violate the automatic orders and that, even if she did, the plaintiff was not prejudiced thereby. The parties had $12 million in term life insurance benefitting their children, in addition to each of their whole life insurance policies. The defendant argued that the whole life insurance policies were intended as savings vehicles that should not be subject to the automatic orders, and she should not have to contribute her post-commencement earnings to a savings vehicle for the plaintiff. The Supreme Court denied those branches of the plaintiff's motion which were to hold the defendant in contempt and to direct her to maintain the subject policy during the pendency of the action, determining that, under the circumstances of this case, the plaintiff's whole life insurance policy was a savings vehicle and not life insurance subject to the automatic orders. The plaintiff appeals.

"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (*Matter of Hughes v Kameneva*, 96 AD3d 845, 846 [2012]; *see Cassarino v Cassarino*, 149 AD3d 689, 690 [2017]). The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct (*see* Judiciary Law § 753 [A] [3]; *El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Scialdone v Stepping Stones Assoc., L.P.*, 148 AD3d 955, 956 [2017]). Prejudice is shown where the party's actions "were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (*Matter of Figueroa-Rolon v Torres*, 121 AD3d 684, 685 [2014]).

To prevail on a motion to punish for criminal contempt, the movant must establish, beyond a reasonable doubt, the willful disobedience of a court's lawful mandate (*see* Judiciary Law § 750 [A] [3]; *Matter of Figueroa-Rolon v Torres*, 121 AD3d at 685; *Muraca v Meyerowitz*, 49 AD3d 697 [2008]). The purpose

of criminal contempt is to vindicate the authority of the court (*see Matter of McCormick v Axelrod*, 59 NY2d at 582-583). Thus, no showing of prejudice to the rights of a party to the litigation is needed, but willful disobedience is an essential element (*see Matter of Figueroa-Rolon v Torres*, 121 AD3d at 685).

The automatic orders served pursuant to Domestic Relations Law § 236 (B) (2) (b) direct that "each party shall maintain the existing life insurance . . . policies in full force and effect" (Domestic Relations Law § 236 [B] [2] [b] [5]). Under the particular circumstances of this case, including the $12 million in term life insurance on the parties, an additional $7.6 million in whole life insurance on the defendant, and the plaintiff's admitted use of his whole life insurance policy as a "savings plan," the Supreme Court providently exercised its discretion in declining to hold the defendant in contempt. Accordingly, the court properly denied those branches of the plaintiff's motion which were to hold the defendant in contempt and to direct her to maintain the subject policy during the pendency of the action. Mastro, J.P., Dillon, Hall and Brathwaite Nelson, JJ., concur.