Gottlieb v Colonel (2020 NY Slip Op 01149)





Gottlieb v Colonel


2020 NY Slip Op 01149


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-13284
2017-03173
2017-03291
 (Index No. 50650/16)

[*1]Kenneth Gottlieb, appellant, 
v
Christine A. Colonel, et al., respondents.


Pascazi Law Offices PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellant.
Steven A. Campanaro, White Plains, NY, for respondents.



DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 14, 2016, (2) a decision of the same court dated March 6, 2017, and (3) a judgment of the same court, also dated March 6, 2017. The order granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and for an award of reasonable attorneys' fees pursuant to 22 NYCRR 130-1.1. The decision ruled that the defendants were entitled to an award of attorneys' fees in the sum of $5,800. The judgment dated March 6, 2017, upon the order and the decision, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint and awarding the defendants attorneys' fees in the principal sum of $5,800.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that on the Court's own motion, the parties are directed to show cause why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, against the plaintiff pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amount of legal fees incurred by the defendants in connection with these appeals, in the office of the Clerk of the Court and serving one copy of the same on each other on or before March 20, 2020; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve the respective parties with a copy of this decision and order by regular mail; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff resides in a condominium community in Fishkill (hereinafter the condominium) which is managed by the defendant McGrath Management Services, Inc. (hereinafter McGrath). The defendant Christine A. Colonel is employed by McGrath and is the property manager for the condominium. In 2014, two dogs owned by the plaintiff were the subject of a complaint filed with the Justice Court of the Town of Fishkill (hereinafter the Justice Court) which resulted in an order dated August 8, 2014, inter alia, requiring that both dogs be adequately restrained and muzzled while outside the plaintiff's residence. After an additional complaint was filed in 2015, a subsequent order, dated July 19, 2015, specifically continued the restrictions contained in the order dated August 8, 2014, and also set forth additional conditions to be followed by the plaintiff. The order dated July 19, 2015, further directed that the Justice Court action was "conditionally adjourned in contemplation of dismissal for a period of six (6) months from the date of this order."
In June 2016, the plaintiff commenced this defamation action against Colonel and McGrath, alleging that on August 14, 2015, Colonel published a written statement to the Town Prosecutor of the Town of Fishkill, the condominium's Board of Managers (hereinafter the Board), and an individual member of the Board. In the statement, Colonel asserted, inter alia, that on August 13, 2014, she observed the plaintiff "walking down the common lawn area with a dog . . . without a muzzle." Prior to interposing an answer, the defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint or, alternatively, pursuant to CPLR 3211(c) for treatment of the motion as one for summary judgment. The defendants also sought an award of reasonable attorneys' fees and sanctions pursuant to 22 NYCRR 130-1.1. In a letter to counsel dated October 24, 2016, the Supreme Court advised the parties that, pursuant to CPLR 3211(c), it intended to treat the defendants' pending motion to dismiss as a motion for summary judgment, and provided the parties with the opportunity to make supplemental submissions.
By order dated December 14, 2016, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and for an award of reasonable attorneys' fees pursuant to 22 NYCRR 130-1.1. In a decision dated March 6, 2017, the court ruled that the defendants were entitled to an award of attorneys' fees in the sum of $5,800. A judgment, also dated March 6, 2017, upon the order and the decision, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint and awarding the defendants attorneys' fees in the sum of $5,800. The plaintiff appeals.
We agree with the Supreme Court's determination converting the defendants' motion to dismiss into a motion for summary judgment after providing the parties with the requisite notice of its intent to treat the motion as one for summary judgment and the opportunity to make supplemental submissions (see CPLR 3211[c]; Segall v Sanders, 129 AD3d 819, 820; Cenzon-Decarlo v Mount Sinai Hosp., 101 AD3d 924, 926; Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-Univ. Hosp., 197 AD2d 563, 563).
The law provides an absolute privilege for "communications made by individuals participating in a public function, such as executive, legislative, judicial or quasi-judicial proceedings" (Rosenberg v Metlife, Inc., 8 NY3d 359, 365-366; see Walls v Town of Islip, 71 AD3d 669). The privilege is "accorded statements made at all stages of a judicial proceeding in communications among the parties, witnesses, counsel, and the court, provided that the statements may be considered in some way pertinent to the issue in the proceeding" (Brady v Gaudelli, 137 AD3d 951, 951-952 [internal quotation marks omitted]). The privilege "applies to all statements made in or out of court and regardless of the motive for which they were made" (id at 952).
The evidence submitted by the defendants established that the written statement at issue was a letter dated August 14, 2015, sent by Colonel to the Town Prosecutor. Contrary to the plaintiff's contention, the Justice Court action was still pending at the time Colonel's statement was [*2]sent to the Town Prosecutor. Specifically, the July 19, 2015, order contained a six-month conditional adjournment in contemplation of dismissal, whereby the case would be dismissed on January 19, 2016, if the plaintiff complied with all the conditions in that order. One of the conditions in the July 19, 2015, order incorporated by reference the terms of the August 8, 2014, order requiring the plaintiff's dogs to be muzzled while outside of his residence. Colonel's statement was provided to the Town Prosecutor in August 2015, well within the six-month adjournment period. Contrary to the plaintiff's further contention, the Justice Court action did not terminate upon the granting of the adjournment in contemplation of dismissal. As explained by the Court of Appeals, CPL 170.55, which governs adjournments in contemplation of dismissal, provides a "procedural path" for criminal charges "to be kept in a state of suspense for a period of six months, during which the subject's habitual behavior pattern can be tested by time" (Hollender v Trump Vil. Coop., 58 NY2d 420, 424). The case of People v Jordan (143 AD2d 367), cited by the plaintiff in support of his contention that Colonel's statement was not made in the course of a judicial proceeding because the Justice Court charges were no longer pending, is unavailing. In People v Jordan, the defendant argued that his postarrest statements to the police were taken in violation of his right to counsel because he was represented on a prior criminal matter which had been adjourned in contemplation of dismissal. This Court rejected the defendant's contention, concluding that, at the time he was arrested, the adjournment in contemplation of dismissal had already been granted in the prior, unrelated matter, effectively terminating it. People v Jordan is inapplicable here as the current appeals arise out of civil litigation directly flowing from and related to the Justice Court charges which resulted in a six-month adjournment in contemplation of dismissal (see People v Lee, 167 AD3d 778).
Here, the defendants demonstrated that Colonel's statement was made in her capacity as the property manager for the condominium based upon her personal observations on August 13, 2015, and her knowledge of the conditions imposed by the Justice Court regarding the plaintiff's dogs. The statement provided to the Town Prosecutor was pertinent to the issue in the pending Justice Court action and was made within the six-month adjournment period. Thus, Colonel's statement is protected by an absolute privilege. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The defendants also demonstrated, prima facie, that Colonel's statement had not been published to the Board or an individual Board member. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint.
The Supreme Court providently exercised its discretion in awarding the defendants reasonable attorneys' fees based upon the plaintiff's frivolous conduct (see 22 NYCRR 130-1.1; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1008, 1009; Ofman v Campos, 12 AD3d 581, 582; Tyree Bros. Envtl. Servs. v Ferguson Propeller, 247 AD2d 376, 377; Matter of Gordon v Marrone, 202 AD2d 104, 110). In doing so, the court noted that it was "deeply troubled" that the plaintiff had commenced two defamation actions against witnesses like Colonel who were aware of, and had some connection to, the violations which resulted in the two Justice Court orders (see Gottlieb v Wynne, 159 AD3d 799). The court explained that it was "reasonable to conclude" that the defamation actions were undertaken to harass and/or deter individuals from reporting future violations. We defer to the court's assessment.
In addition, since the plaintiff has raised arguments on these appeals that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]), and/or were undertaken primarily to harass or maliciously injure another (see 22 NYCRR 130-1.1[c][1], [2]), the appeals may be frivolous (see Patouhas v Patouhas, 172 AD3d 1221, 1222). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions, including reimbursement to the defendants for reasonable attorneys' fees in connection with these appeals, should or should not be imposed on the plaintiff.
The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court