Madigan v Berkeley Capital, LLC (2022 NY Slip Op 03237)

Madigan v Berkeley Capital, LLC

2022 NY Slip Op 03237

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2018-13098
 (Index No. 516351/17)

[*1]Faye T. Madigan, etc., appellant-respondent,
v
Berkeley Capital, LLC, et al., defendants, Rosa Bronstein, et al., defendants-respondents, Oceana Holding Corp., respondent-appellant.

Joseph Paukman, Brooklyn, NY, for appellant-respondent.
Law Offices of Daniel S. Steinberg P.C., New York, NY (Melissa A. Cohen of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent conveyance, the plaintiff appeals, and the defendant Oceana Holding Corp. cross-appeals, from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 22, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate a stay issued in an order of the same court dated November 6, 2017, and granted those branches of the motion of the defendants Oceana Holding Corp. and Rosa Bronstein which were to quash certain subpoenas and for an award of costs in the sum of $2,500. The order, insofar as cross-appealed from, denied those branches of the separate motion of the defendants Oceana Holding Corp. and Rosa Bronstein which were to hold the plaintiff's counsel in civil and criminal contempt, for an award of attorney's fees pursuant to 22 NYCRR 130-1.1, for referral to the Grievance Committee, and to disqualify the plaintiff's attorney.
ORDERED that the order dated October 22, 2018, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendants Oceana Holding Corp. and Rosa Bronstein which was to hold the plaintiff's counsel in criminal contempt, and substituting therefor a provision granting that branch of the motion and imposing a criminal sanction in the amount of $10,000, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Oceana Holding Corp. and Rosa Bronstein which was for an award of attorney's fees pursuant to 22 NYCRR 130-1.1, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated October 22, 2018, is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Oceana Holding Corp., and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of an award of reasonable attorney's fees in accordance herewith.
In 2001, nonparty Aron Bronstein pleaded guilty to 1 count of conspiracy to commit securities fraud and wire fraud and 13 counts of securities fraud in the United States District Court for the Southern District of New York (hereinafter the Southern District). As part of the disposition of those charges, Bronstein, together with his codefendants, was ordered to pay restitution to the victims of the fraud. The plaintiff's decedent was among those entitled to restitution pursuant to [*2]Bronstein's judgment of conviction (hereinafter the criminal judgment).
In 2003, the plaintiff obtained a default judgment against Bronstein in the United States District Court for the Northern District of Georgia (hereinafter the Georgia judgment) in an action seeking civil damages for the same underlying conduct. The plaintiff commenced litigation in the United States District Courts for the Eastern District of New York (hereinafter the Eastern District) and the Southern District in 2016 and 2018, respectively, for the purpose of enforcing the criminal and the Georgia judgments.
In 2017, the plaintiff commenced this action in the Supreme Court, Kings County, against various persons and entities associated with Bronstein, alleging, inter alia, fraudulent conveyance interfering with her ability to enforce the restitution provisions of the criminal judgment. In an order dated November 6, 2017, the Supreme Court granted the motion of the defendants Oceana Holding Corp. (hereinafter Oceana), Rosa Bronstein (hereinafter Rosa), M.R.O.D. Realty Corp., and M & R Brighton Land Corp. to stay the action, and prohibited the domestication of the criminal and Georgia judgments, the issuance of subpoenas in connection with this action or any other action, and enforcement of either judgment. The court also directed the plaintiff to provide to the defendants' counsel, within five days, copies of all subpoenas already issued in connection with the enforcement of those judgments. Notwithstanding those prohibitions, on December 19, 2017, the plaintiff obtained an abstract of the criminal judgment from the Southern District and, on February 6, 2018, registered that abstract in the Supreme Court, Kings County.
In or about May 2018, the plaintiff moved, inter alia, to vacate the stay issued in the November 6, 2017 order on the ground that she had registered an abstract of the criminal judgment. She then began serving subpoenas duces tecum on Bank of America seeking the defendants' financial information. When Oceana opposed the plaintiff's motion to vacate the stay, the plaintiff responded by attempting to move, via order to show cause, for a declaration that the November 6, 2017 order did not stay enforcement of her December 19, 2017 abstract of the criminal judgment. The Supreme Court declined to sign the order to show cause.
Oceana and Rosa moved, by order to show cause, to enjoin the plaintiff's counsel from issuing subpoenas relating to this action, to quash prior subpoenas issued in connection with this action or any related action, and for an award of costs (hereinafter the first motion of Oceana and Rosa). The order to show cause, signed by the Supreme Court on July 18, 2018, contained, inter alia, interim relief precluding the plaintiff and her counsel from issuing further subpoenas, suspending disclosure pursuant to any subpoenas already issued, and directing the plaintiff to provide a list of all subpoenas served within five days. In a separate order, dated July 25, 2018, the court continued the interim relief contained in the order to show cause and renewed the directive requiring the plaintiff to provide a list of subpoenas, but now within 10 days.
Subsequently, the plaintiff and her counsel served subpoenas duces tecum on certain parties in another action. The plaintiff also moved, in that action, to compel Bank of America to produce subpoenaed documents.
Oceana and Rosa then moved in this action, by order to show cause, to hold the plaintiff and her counsel in civil and criminal contempt; to refer the plaintiff's counsel to the Grievance Committee for discipline; to require the plaintiff's counsel to seek court authorization to issue future subpoenas pending the Grievance Committee's investigation; to disqualify the plaintiff's counsel on the ground of conflict of interest; and for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 (hereinafter the second motion of Oceana and Rosa). In the order to show cause, the Supreme Court again granted interim relief restraining the plaintiff's counsel from issuing subpoenas, staying compliance with outstanding subpoenas, precluding the plaintiff from taking further action to enforce any judgment, and staying all pending actions pending the hearing of the motion.
While the second motion was pending, the plaintiff attempted to move, by separate orders to show cause, for a declaration that the stay in this action did not apply to enforcement of the [*3]December 19, 2017 abstract of judgment, and to vacate the order dated November 6, 2017. The Supreme Court declined to sign both orders to show cause. In declining to sign the latter one, the court noted: "Identical requests for relief denied by this court multiple times." Concurrent with the foregoing events, the Eastern District and Southern District also issued various orders restraining the plaintiff and her counsel from serving subpoenas on third parties without court authorization.
In an order dated October 22, 2018, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to vacate the stay in the order dated November 6, 2017, granted those branches of the first motion of Oceana and Rosa which were to quash subpoenas issued by the plaintiff's counsel and for an award of costs in the sum of $2,500, and denied in its entirety the second motion of Oceana and Rosa seeking, inter alia, to hold the plaintiff and her counsel in civil and criminal contempt. The plaintiff appeals from so much of the order as denied her motion to vacate the stay and awarded the defendants costs in the sum of $2,500. Oceana cross-appeals from so much of the order as denied the second motion of Oceana and Rosa, inter alia, to hold the plaintiff's counsel in civil and criminal contempt. We modify.
Resolution of discovery disputes is a matter within the sound discretion of the motion court (see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 770; 101CO, LLC v Sand Land Corp., 189 AD3d 942, 944). "[A]ny matter which may lead to the discovery of admissible proof is discoverable, as is any matter which bears upon a defense, even if the facts themselves are not admissible" (Cajamarca v Osatuk, 163 AD3d 619, 620 [internal quotation marks omitted]). Here, since the record supports the Supreme Court's conclusion that the plaintiff's subpoenas served on third parties were improper, the court providently exercised its discretion in denying that branch of the plaintiff's motion which was to vacate the stay in the order dated November 6, 2017.
"A subpoena duces tecum may not be used for the purpose of general discovery or to ascertain the existence of evidence" (Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1483; see Bottini v Bottini, 164 AD3d 556, 558). "Rather, the purpose of a subpoena duces tecum is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" (Capacity Group of NY, LLC v Duni, 186 AD3d at 1483 [internal quotation marks omitted]; see Bottini v Bottini, 164 AD3d at 558). Here, since the plaintiff's subpoenas duces tecum were issued in violation of the stay in the order dated November 6, 2017, they were ipso facto improper. Accordingly, the Supreme Court properly granted that branch of the first motion of Oceana and Rosa which was to quash the subpoenas.
A court of record has the power to punish a party for disobedience of a lawful mandate of the court (see Judiciary Law §§ 750[A][3]; 753[A][3]; see Matter of DeSiena v DeSiena, 167 AD3d 1006, 1007). A "lawful mandate of the court" includes an order of a court of competent jurisdiction which is not facially void (Judiciary Law § 753[A][3]; see Dalessio v Kressler, 6 AD3d 57, 65). "'A contempt of court ultimately may constitute a criminal contempt, a civil contempt, or both a criminal and a civil contempt'" (Matter of DeSiena v DeSiena, 167 AD3d at 1007, quoting Matter of Rubackin v Rubackin, 62 AD3d 11, 15).
The goal of civil contempt is to vindicate the rights of a private party to the litigation (see McCain v Dinkins, 84 NY2d 216, 226; Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239; Gomes v Gomes, 106 AD3d 868). Accordingly, "[a]ny penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d at 239; see Ruesch v Ruesch, 106 AD3d 976, 977; Ellenberg v Brach, 88 AD2d 899, 902). In contrast, criminal contempt "involves an offense against judicial authority and is utilized to protect the integrity of the judicial process and to compel respect for its mandates" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d at 239; see Savel v Savel, 153 AD3d 872, 873; Rush v Save My Home Corp., 145 AD3d 930, 931; El-Dehdan v El-Dehdan, 114 AD3d 4, 10, affd 26 NY3d 19; Dalessio v Kressler, 6 AD3d at 65).
A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Heffer v Krebs, 196 AD3d 684, 685; Bongiorno v Di Frisco, 196 AD3d 452, 454). "To prevail on a motion to punish for civil contempt, the movant must establish by clear and convincing evidence: '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct'" (Heffer v Krebs, 196 AD3d at 685, quoting Spencer v Spencer, 159 AD3d 174, 177; see Bongiorno v Di Frisco, 196 AD3d at 454; Toranzo v Toranzo, 185 AD3d 621, 623). The movant has the burden of proving contempt by clear and convincing evidence (see Heffer v Krebs, 196 AD3d at 685; Bongiorno v Di Frisco, 196 AD3d at 455; Toranzo v Toranzo, 185 AD3d at 623).
Since the goal of civil contempt is to vindicate the rights of a private party, the element of prejudice is essential (see U.S. Bank N.A. v Sirota, 189 AD3d 927, 930). The movant can show prejudice where the actions of the alleged contemnor "'were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party'" (Bongiorno v Di Frisco, 196 AD3d at 454-455, quoting Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685; see U.S. Bank N.A. v Sirota, 189 AD3d at 930; Matter of Executive Life Ins. Co. of N.Y., 122 AD3d 629). Here, since Oceana and Rosa failed to demonstrate that the conduct of the plaintiff or her counsel defeated, impaired, impeded, or prejudiced their rights or remedies, the Supreme Court properly denied that branch of their second motion which was to hold the plaintiff and her counsel in civil contempt.
In contrast to civil contempt, because the purpose of criminal contempt is to vindicate the authority of the court, no showing of prejudice is required (see Savel v Savel, 153 AD3d at 873; Gomes v Gomes, 106 AD3d at 869). Instead, "[a]llegations of willful disobedience of a proper judicial order strike at the core of the judicial process and implicate weighty public and institutional concerns regarding the integrity of and respect for judicial orders" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d at 240; see Dalessio v Kressler, 6 AD3d at 65).
The proponent of a finding of criminal contempt must demonstrate willfulness (see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d at 240). "Knowingly failing to comply with a court order gives rise to an inference of willfulness which may be rebutted with evidence of good cause for noncompliance" (Dalessio v Kressler, 6 AD3d at 66). To warrant a finding of criminal contempt, the contemnor's guilt must be proved beyond a reasonable doubt (see Rush v Save My Home Corp., 145 AD3d at 931; Gomes v Gomes, 106 AD3d at 869).
"[A]n application to adjudicate a party in contempt is treated in the same fashion as a motion and a hearing must be held if issues of fact are raised" (Gomes v Gomes, 106 AD3d at 869 [internal quotation marks omitted]). However, "a hearing is not necessary when there is no factual dispute as to [the party's] conduct unresolvable from the papers on the motion" (id. [internal quotation marks omitted]; see Judiciary Law § 751[1]; see generally Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d at 241-243).
Here, the Supreme Court's November 6, 2017 order plainly stated, among other things, that the "plaintiff, her agents and attorneys, are restrained and enjoined from taking further action in this case, or in any other action or proceeding that plaintiff may bring before this Court, to enforce the Georgia Judgment or the Criminal Case Judgment," and that the "plaintiff, her agents and attorneys, are restrained and enjoined from issuing subpoenas, restraining notices, executions or other enforcement papers in connection with this case, or any other action or proceeding that plaintiff may bring before this Court, to enforce the Georgia Judgment or the Criminal Case Judgment." In light of this clear language, combined with the court's repeated affirmation of the stay, the plaintiff's counsel's conclusory protestation of misunderstanding does not raise an issue requiring a hearing.
Notwithstanding this clear prohibition, the plaintiff's counsel issued subpoenas on six separate occasions. When, in connection with the motion of Oceana and Rosa for certain relief, the Supreme Court reiterated the terms of the stay, both via interim relief granted in the order to show cause and in a separate order, the plaintiff's counsel did not desist but instead served four more subpoenas and moved to compel the production of subpoenaed documents. This conduct evidences a lack of "respect for judicial orders" and warranted holding the plaintiff's counsel in criminal contempt (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d at 240). Under the circumstances of this case, we deem the statutory maximum sanction of $1,000 per offense warranted and therefore impose a total sanction of $10,000.
A court, in its discretion, may award a party costs in the form of reimbursement for actual expenses incurred and reasonable attorney's fees where an opposing party has engaged in frivolous conduct (see 22 NYCRR 130-1.1[a]). Conduct is frivolous under 22 NYCRR 130-1.1[c][1] if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (id. § 130-1.1[c][2]; see Miller v Falco, 170 AD3d 707, 710; Falco v Miller, 170 AD3d 661, 662-663).
Here, the plaintiff's counsel's repeated issuance of subpoenas in violation of the stay in the November 6, 2017 order and subsequent orders reaffirming that stay was frivolous (see Matter of JPMorgan Chase Bank, N.A., 188 AD3d at 1213; Gottlieb v Colonel, 180 AD3d 877, 881). However, since the record does not contain evidence sufficient to determine the fees actually incurred by Oceana and Rosa (see Matter of JPMorgan Chase Bank, N.A., 188 AD3d at 1213), we remit the matter to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees to be awarded to Oceana.
The parties' remaining contentions are without merit.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.

2018-13098 DECISION & ORDER ON MOTION
Faye T. Madigan, etc., appellant-respondent, v Berkeley Capital, LLC, et al., defendants, Rosa Bronstein, et al., defendants-respondents, Oceana Holding Corp., respondent-appellant.
(Index No. 516351/17)
Motion by the appellant-respondent, inter alia, to strike the respondent-appellant's reply brief on an appeal and a cross appeal from an order of the Supreme Court, Kings County, dated October 22, 2018, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated January 13, 2021, that branch of the appellant-respondent's motion which is to strike the respondent-appellant's reply brief was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the branch of the motion which is to strike the respondent-appellant's reply brief on the ground it refers to matter dehors the record is granted to the extent that point C of point I and paragraph three of the preliminary statement are hereby stricken and have not been considered on the appeal and cross appeal, and that branch of the motion is otherwise denied.
ENTER:
Maria T. Fasulo
Clerk of the Court